## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

C&M #3 INVESTMENT COMPANY, LLC, )
)
GEORGE S. GRINSTINE, )
)
HAROLD A. HARDING, )
)
JANET S. KIRCHBERGER, )   Case No. 21-1223 L
)
    Plaintiffs, )
)
v. )
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## COMPLAINT

Pursuant to RCFC 3, Plaintiffs state the following in support of their Complaint:

### JURISDICTION

1. This court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) ("Tucker Act"), in that this action presents a claim against the United States which is founded upon the Constitution and statutes of the United States.

### STATUTES AND CONSTITUTIONAL PROVISIONS

2. Plaintiffs' claims are governed by the following statutes and constitutional provision:

    (a) The Fifth Amendment to the United States Constitution, which provides, "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

    (b) National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d).

2388512.1

(c) The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act") which provides in relevant part, "The United States Court of Federal Claims shall have jurisdiction to render judgment on any claim against the United States founded upon the Constitution."

(d) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000), provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

## STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

3. The rail line at issue was originally created by the Norwest Pacific Railroad in 1873 and eventually came to be owned by Burlington Northern Railway. *See City of Yelm – Abandonment Exemption – Thurston County, Washington,* Historic Report, STB Docket No. AB-1295 (Sub-No. 0X) (filed May 5, 2020), attached as **Exhibit 1**, p. 19-20.

4. The original railroad, Northwest Pacific Railroad, acquired its interest in some portion or all of the right-of-way affecting these Plaintiffs' property by way of deeds from individual landowners and an Act of Congress, all of which conveyed an easement for railroad purposes to the Northwest Pacific Railroad.

5. On May 5, 2020, the City of Yelm, who had since acquired the line, filed its request to abandon the right-of-way. *See* Exhibit 1.

6. On June 23, 2020, the City of Yelm requested the STB issue a Notice of Interim Trail Use or Abandonment ("NITU"). *See City of Yelm – Abandonment Exemption – Thurston County, Washington,* Trail Use Request, STB Docket No. AB-1295 (Sub-No. 0X), attached as **Exhibit 2**.

7. On July 8, 2020, the STB issued a Notice of Interim Trail Use or Abandonment for 4.57 miles of the rail line between milepost 20.99 and 25.56 *See City of Yelm – Abandonment*

2

*Exemption – Thurston County, Washington,* Notice of Interim Trail Use or Abandonment, STB Docket No. AB-1295 (Sub-No. 0X) (service date July 9, 2020), attached as **Exhibit 3**.

8. The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"), provides, "in the case of interim use of any established railroad rights-of-way pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, *such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes.*"

9. The United States Supreme Court in *Preseault v. United States*, 494 U.S. 1 (1990) (*Preseault I*), held that Congress possessed the constitutional authority to enact the Trails Act and to take Plaintiffs' property for conversion to a public-access recreational trail and preservation of a railroad easement for a possible future railroad corridor.

10. However, the Supreme Court in *Preseault I*, and the Federal Circuit sitting *en banc* in *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) (*Preseault II*), held that the Fifth Amendment to the United States Constitution requires the United States to pay the property owners for the value of that property taken by operation of Section 8(d) of the Trails Act.

11. The Federal Circuit in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), and *Barclay v. United States*, 443 F.3d 1368 (2006), held that claims for compensation arise upon the date that the Surface Transportation Board issued the NITU.

12. Under Washington law, Plaintiffs would have had the exclusive right to physical ownership, possession, and use of their property free of the railroad easement upon abandonment of the use of that easement for railroad purposes.

13. Creating a public-access recreational trail across Plaintiffs' property and appropriating a new easement for possible future railroad use has taken from Plaintiffs the value of the land physically appropriated for this trail corridor and greatly diminished the value of the Plaintiffs' property adjoining this trail corridor.

14. Compensation for this taking is due from the federal government, not Atlanta Beltline, Inc. or the Railroad. *See Preseault, II*, 100 F.3d at 1531("Finally, we conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government").

## THE PARTIES

**A.   Plaintiffs**

### *C&M #3 Investment Company, LLC*

15. C&M #3 Investment Company, LLC ("C&M #3") owned land adjacent to the former railroad right-of-way on July 8, 2020. The land is located in Thurston County, Washington and identified by the County as parcel number 64300900300. C&M #3's property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

### *George S. Grinstine*

16. George M. Grinstine owned land adjacent to the former railroad right-of-way on July 8, 2020. The land is located in Thurston County, Washington and identified by the County as parcel number 65133118800. Mr. Grinstine's property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

### *Harold A. Harding*

17. Harold A. Harding owned land adjacent to the former railroad right-of-way on July 8, 2020. The land is located in Thurston County, Washington and identified by the County as parcel number 65133004000. Mr. Harding's property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Janet S. Kirchberger*

18. Janet S. Kirchberger owned land adjacent to the former railroad right-of-way on July 8, 2020. The land is located in Thurston County, Washington and identified by the County as parcel number 65133004900. Ms. Kirchberger's property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

**B.     Defendant**

19. The United States of America is the defendant. The federal government took this Washington owners' land for a public recreational trail and railbanking by an order of the federal Surface Transportation Board invoking section 8(d) of the federal Trails Act.

**SPECIFIC CLAIM FOR RELIEF**

**COUNT ONE**

**A Claim For "Just Compensation" For
The Permanent Physical Taking of Plaintiffs' Property Subject to the NITU**

20. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 19 of their Complaint.

21. The actions of the United States have resulted in a permanent physical taking of Plaintiffs' property without just compensation in violation of the Fifth Amendment to the United States Constitution.

## COUNT II

### An action for damages under the Uniform Relocation Act

22. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 21 of their Complaint.

23. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. 4654(c) (URA) (Pub. L. 91-646; 84 Stat. 1894), requires the federal government to reimburse these owners the "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

24. Plaintiffs have incurred, or will incur, those costs and expenses which the URA requires the federal government to reimburse.

### SPECIFIC RELIEF REQUESTED

Plaintiffs respectfully request a judgment in their favor as follows:

25. Awarding Plaintiffs the full fair-market value of the property taken by the government on the date it was taken (including any "severance damages" suffered by Plaintiffs in loss of value to Plaintiffs' remaining property not actually physically taken but affected by the taking);

26. Compensation for the delay between the date of the government's taking of Plaintiffs' property (which is the date of the original NITU according to the Federal Circuit's opinion in *Caldwell v. United States*, 319 F.3d 1226 (Fed. Cir. 2004)) and the actual date when the government finally pays "just compensation" to Plaintiffs;

27. Paying Plaintiffs' costs and attorneys' fees incurred pursuant to The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c)

(2000) which provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

28.Such further relief as this Court may deem just and proper.

Date: April 16, 2021Respectfully submitted,

/s/ *Meghan S. Largent*
Meghan S. Largent
Lindsay S.C. Brinton
LEWIS RICE LLC
600 Washington Avenue
Suite 2500
St. Louis, Missouri  63101-1311
(314) 444-7704
(314) 612-7704 (fax)
mlargent@lewisrice.com
lbrinton@lewisrice.com

***Attorneys for Plaintiffs***